# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:16-CV-175-HAB |
| HELLER & SONS, INC., d/b/a Heller Homes, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Request for Entry of Judgment (ECF No. 90), filed on July 19, 2019 (the "Request"). The Request, which seeks the entry of judgment in favor of the Defendant pursuant to Federal Rule of Civil Procedure 58(d), follows this Court's Opinion and Order granting Defendant's Second Motion for Summary Judgment (ECF No. 88). That Opinion and Order also set a briefing schedule on Defendant's entitlement to attorney fees under 17 U.S.C. § 505 (ECF No. 88 at 37–38). The intent of the Court was to enter a single judgment encompassing the liability determination in the Order and Opinion as well as the determination of the attorney fee issue. Not content to wait until the attorney fee issue is decided, Plaintiff filed the Request as well as a Notice of Appeal (ECF No. 91) and a Docketing Statement (ECF No. 92) on July 19, 2019. Having reviewed the Request, this Court concludes that judicial economy supports this case proceeding to appeal all at once, rather than through a piecemeal approach advocated by Plaintiff. Accordingly, the Request will be denied.

Rule 58 requires that, in most cases, judgment "must be set out in a separate document." Fed. R. Civ. P. 58(a). The sole purpose of the Rule is to "clarify when the time for appeal . . . begins to run." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978). Subpart (d), upon which

the Request is made, permits a party to request "that judgment be set out in a separate document as required by Rule 58(a)" Fed. R. Civ. P. 58(d). Where the district court action contains a claim for attorney fees, subpart (e) provides:

> **(e) Cost or Fee Awards**. Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58(e).

Because the Court assumes that Defendant will seek fees as permitted in the Opinion and Order, the Request is largely pointless. As it stands, the Court is delaying the finality of any judgment in this case because it has determined that it will be more efficient to decide fee questions before an appeal is taken so that the appeal relating to the fee award can be heard at the same time as the appeal relating to the merits of the case. *See* Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment. Once briefing on the fee issue is concluded, the Court will enter a final judgment resolving both the merits of the case and the fee issue. At that point, Plaintiff would have a final appealable judgment under Fed. R. App. 4(a)(1)(A) encompassing all issues in this case.

The time frame doesn't change if the Request is granted. If a judgment on the merits of the case were entered today, Defendant would have fourteen (14) days within which to request an award of attorney fees. Fed. R. Civ. P. 54(d)(2)(B)(i). Defendant's brief on fees is currently due on July 24, 2019, so it must be filed within that deadline. Upon the filing of Defendant's brief, the Court could, and would, treat the request as a timely motion under Rule 59 to alter or amend the judgment. Fed. R. Civ. P. 58(e). Under Federal Rule of Appellate Procedure 4(a)(4)(A)(iii) and

4(a)(4)(B)(i), Plaintiff's Notice of Appeal would not become effective[1] until Defendant's request for fees was ruled upon. At that point, Plaintiff would have a final appealable judgment under Fed. R. App. 4(a)(1)(A) encompassing all issues in this case. In either case, then, Plaintiff will not be permitted to pursue its appeal until the fee issue is resolved.

Granting the Request would force this Court to enter a judgment, an order deeming Defendant's request for fees a Rule 59 motion to alter or amend, a ruling on the fee request, and then an amended judgment. Denying the Request requires only a ruling on Defendant's fee request and a judgment. Since the timing of the appeal is the same either way, this Court will adopt the course that is most efficient and will deny the Request.

## CONCLUSION

For the foregoing reasons, the Request (ECF No. 90) is DENIED.

SO ORDERED on July 23, 2019.

                                             s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT

---

[1] Although Plaintiff has filed a Notice of Appeal, that Notice is not yet effective because there has been no entry of judgment. Fed. R. App. 4(A)(2).